IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00377-WYD-CBS

ELDEN KANZLER,
    Plaintiff,
v.

DR. MCLAUGHLIN,
DR. DEGROOTE, and
SHERYL SMITH,
    Defendants.

___

ORDER
___

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Kanzler's "Motion to Amend Complaint and Eliminate Sheryl Smith" (filed August 31, 2009) (doc. # 28).  Pursuant to the Order of Reference dated June 2, 2009 (doc. # 16) and the memorandum dated September 1, 2009 (doc. # 30), this matter was referred to the Magistrate Judge.

    Defendants filed a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" (doc. # 18) on June 19, 2009.  Mr. Kanzler's response to Defendants' Motion was due on July 20, 2009.  (*See* doc. # 21 (Order setting deadline for Mr. Kanzler's response)).  On July 20, 2009, Mr. Kanzler tendered a second amended Prisoner Complaint (doc. # 23) without filing a motion seeking leave to amend his pleadings.  On August 7, 2009, the court directed Mr. Kanzler to either file his response to Defendants' pending Motion to Dismiss or for Summary Judgment or to file a motion seeking leave to amend his Amended Prisoner Complaint and to clarify whether he still intended to sue Defendant Sheryl Smith.  On August 31, 2009, Mr. Kanzler filed the instant Motion

1

to Amend.

If Defendants have viable grounds for dismissing Mr. Kanzler's Second Amended Complaint, such arguments are more efficiently raised in the context of a Rule 12 motion, rather than indirectly under Rule 15(a).  *See General Steel Domestic Sales, LLC v. Steelwise, LLC*, 2008 WL 2520423 * 4 (D. Colo. 2008) ("Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.").[1]  At the very least, proceeding under Rule 12 would avoid one round of objections under either Fed.R.Civ.P. 72(a) or (b).[2]  *Cf. In re K-Dur Antitrust Litigation*, 338 F. Supp.2d 517, 528 (D.N.J. 2004) (noting efficiencies of disposing of a motion to amend along with a Rule 12 motion); *Leach v. Northern Telecom, Inc.*, 790 F. Supp. 572, 573-74 (E.D. N.C. 1992) (reasoning that a pragmatic approach to plaintiff's motion to amend assured the best use of judicial time and resources).  The court having reviewed Mr. Kanzler's Motion, the entire case file, and the applicable law and being sufficiently advised in the premises, IT IS ORDERED that:

1.	Mr. Kanzler's "Motion to Amend Complaint and Eliminate Sheryl Smith" (filed August 31, 2009) (doc. # 28) is GRANTED.

2.	Mr. Kanzler's Second Amended Complaint (doc. # 28-2) is accepted for filing as of the date of this Order.

---

[1]   A copy of this unpublished decision is attached to this Recommendation.

[2]   An order denying a motion to amend may be dispositive if the order effectively removes a claim or a party from the action.  *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp.2d 1155, 1157 (D. Kan. 2000)).

3. On or before September 22, 2009, Defendants may refile or supplement their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, as appropriate.

DATED at Denver, Colorado this 1st day of September, 2009.

BY THE COURT:

 s/ Craig B. Shaffer
United States Magistrate Judge