IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00377-WYD-CBS

ELDEN KANZLER,
    Plaintiff,
v.

DR. MCLAUGHLIN, and
DR DEGROOTE,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Defendant DeGroote's "Motion to Dismiss Second Amended Complaint" (filed September 22, 2009) (doc. # 33). Pursuant to the June 2, 2009 Order of Reference and the memorandum dated September 22, 2009 (doc. # 34), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Plaintiff Mr. Kanzler filed his initial Prisoner Complaint on or about February 24, 2009. (*See* doc. # 3). At the court's direction, Mr. Kanzler filed his Amended Prisoner Complaint. (*See* docs. # 7, # 8). On August 31, 2009, Mr. Kanzler moved to again amend his pleadings. (*See* doc. # 28). Mr. Kanzler's Second Amended Complaint ("SAC") was accepted for filing on September 1, 2009. (*See* Order (doc. # 31), SAC

1

(doc. # 32)).[1]

Mr. Kanzler brings his SAC pursuant to 42 U.S.C. §1983, which creates a cause of action where a "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution." (*See* SAC (doc. # 32) at p. 3 of 6). Mr. Kanzler alleges violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*See id.* at p. 4 of 6). At all times relevant to his claims, Mr. Kanzler was incarcerated in the Buena Vista Correctional Facility ("BVCF") of the Colorado Department of Corrections ("CDOC"). In the SAC, Mr. Kanzler alleges that on July 28, 2007, he injured his left biceps while lifting weights. (*See* SAC (doc. # 32) at p. 4 of 6). Mr. Kanzler alleges that he sought immediate medical attention. (*See id.*). Mr. Kanzler was seen by Dr. McLaughlin in the medical unit, and was told by Dr. McLaughlin that "I am ninety percent sure you've torn your biceps muscle." (*See id.*). Mr. Kanzler alleges that he "was not given the status of an emergency patient nor the status of a high priority

---

[1] An amended complaint supersedes the original complaint, rendering it of no legal effect and waiving all causes of action alleged in the original complaint but not alleged or incorporated into the amended complaint. *See Rockwell Int'l Corp. v. US*, 549 U.S. 457, 127 S.Ct. 1397, 1409 (2007) (holding that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction") (citation omitted)*; Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (". . . we look to plaintiff's amended complaint filed pursuant to Rule 15(a) because the amended complaint supersedes the original"); *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect") (internal quotations marks and citations omitted)*. Cf. Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir.1998) (original complaint not superseded because amended complaint not properly filed).

patient" and "was denied immediate medical care . . . for nearly three months."  (*See id.*).  Mr. Kanzler claims that during this time period he suffered from unbearable pain and partial immobility in his left arm.  (*See id.*).  Mr. Kanzler seeks "to be awarded financial compensation" and "to rectify the policies in which State Correctional Facilities operate with blatent [sic] disregard for basic human medical needs."  (*See id.* at p. 6 of 6).

II. Defendant DeGroote's Motion to Dismiss

A. Standard of Review

Defendant DeGroote moves to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 550 U.S. at 556.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.

Because Mr. Kanzler appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without

supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

On September 22, 2009, the court directed Mr. Kanzler to file any response to the Motion to Dismiss on or before October 20, 2009. (*See* Minute Order (doc. # 35)). Mr. Kanzler's copy of the Minute Order was not returned to the court in the mail as undeliverable. As of this date, Mr. Kanzler has not filed any response to the Motion to Dismiss.[2] "[A] district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.' " *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)). "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the

---

[2] The court's independent review of the Colorado Department of Corrections Inmate Locator website reveals that Mr. Kanzler was released to parole. *See* CO Department of Corrections Inmate Locator Website, *available at* http://exdoc.state.co.us/inmate_locator/offender_detail.php (last visited March 25, 2010).

complaint after taking those allegations as true." *Issa*, 354 F.3d at 1177-78 (internal quotation marks and citations omitted). "[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa*, 354 F.3d at 1177-78 (internal quotation marks and citations omitted).

B.  Analysis

1.  Liability under § 1983 of Defendants in their Official Capacities

It is not clear whether Mr. Kanzler is suing Defendants in their individual capacities, their official capacities, or both. (*See* SAC (doc. # 32)). To the extent that Mr. Kanzler may be suing Defendants in their official capacities, he is actually attempting to impose liability on their employer, the State of Colorado. *See Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment against a public servant in his official capacity imposes liability on the entity he represents"); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself"). The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Absent

considerations not present in this case, the Eleventh Amendment forbids a suit for damages against a state in federal court. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). Thus, to the extent that Mr. Kanzler is suing the Defendants in their official capacities for money damages, such a claim would be barred by the Eleventh Amendment. *Edelman*, 415 U.S. at 663.

In addition to monetary damages, Mr. Kanzler seeks what may constitute prospective injunctive relief "to rectify the policies in which State Correctional Facilities operate with blatent [sic] disregard for basic human medical needs." (*See* SAC (doc. # 32) at p. 6 of 6). Actions in federal court seeking injunctive relief against state officials are not always barred by the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official). *See also Will*, 491 U.S. at 71 n. 10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' ") (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)); *Quern v. Jordan*, 440 U.S. 332, 337 (1979) ("a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law, even though such an injunction may have an ancillary effect on the state treasury") (citing *Ex parte Young*, 209 U.S. 123 (1908); *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998) ("Under the *Ex parte Young* legal fiction, when an official of a state agency is sued in his official capacity for prospective equitable relief, he is generally not regarded

as 'the state' for purposes of the Eleventh Amendment and the case may proceed in federal court."), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007).

Since the time Mr. Kanzler filed this lawsuit, he was released to parole and is no longer incarcerated at the BVCF. (*See* footnote 2, *supra*). Mr. Kanzler's request in the nature of injunctive relief falls squarely within the mootness doctrine, as any injunctive relief directed to Defendants would have no practical impact now that Mr. Kanzler is no longer in the custody of the DOC. Defendants are under no obligation to provide the injunctive relief sought because Mr. Kanzler is no longer incarcerated in the DOC. *See, e.g., McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (stating that release to parole from prison generally moots claims for injunctive relief); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (dismissing as moot a prisoner's First Amendment claim for declaratory relief after prisoner was transferred to a different prison); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (prisoner's transfer to another prison mooted his claims for injunctive and declaratory relief); *White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (deeming claims for prospective injunctive relief moot in light of inmate's release on parole). Nor is this the type of claim to which an exception to the mootness doctrine applies, as there is no reasonable expectation that Mr. Kanzler will be subjected to this conduct again. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (recognizing exception to the mootness doctrine where there is a "reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party") (internal quotation marks and citation omitted). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition

doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality."). To the extent that Mr. Kanzler seeks injunctive relief in the SAC, such request is moot.

2.  Liability under § 1983 of Defendants in their Individual Capacities

The Eleventh Amendment does not bar actions for damages against state officials in their individual capacities. *Kentucky v. Graham*, 473 U.S. at 164. To the extent that Mr. Kanzler is suing Defendants in their individual capacities, personal capacity suits pursuant to § 1983 seek to impose personal liability upon a government official for actions he or she takes under color of state law. *Graham*, 473 U.S. at 165-67. Individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility. *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation) (citation omitted); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action) (citation omitted); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983) (an individual cannot be held liable in a section 1983 action unless he "participated or acquiesced" in an alleged constitutional violation); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim.").

Defendant DeGroote argues that Mr. Kanzler fails to plead sufficient facts to demonstrate that he had any personal participation in the alleged violation of Mr.

Kanzler's Eighth Amendment rights. The court agrees. Mr. Kanzler's only allegation against Defendant DeGroote is that "[t]his cruel and unimaginable condition, in which Dr. McLaughlin allowed me to suffer from, will prove his personal participation in violating my basic civil rights, as well as, implicate Dr. DeGroote as an affirmative link to the deprivation of my federal rights." (*See* SAC (doc. # 32) at p. 4 of 6). Mr. Kanzler does not identify any specific action Defendant DeGroote took that gave rise to a constitutional violation. Mr. Kanzler has not alleged that Defendant DeGroote was even aware of any denial of medical treatment in violation of his constitutional rights. Mr. Kanzler provides no facts that would show an actual affirmative link between Dr. DeGroote and the alleged Eighth Amendment violation. *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial"). Mr. Kanzler's allegations do not plausibly support a claim for relief against Defendant DeGroote under § 1983. Mr. Kanzler does not allege that Defendant DeGroote had any direct involvement in, personal participation in, or supervisory liability for the alleged violation of his Eight Amendment rights. Mr. Kanzler's failure to allege the requisite personal participation leaves no basis for holding Defendant DeGroote individually liable under § 1983. Defendant DeGroote may properly be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

3.   Failure to State Eighth Amendment Claim against Defendant DeGroote.

Mr. Kanzler alleges violation of his Eighth Amendment rights based on the failure

9

to adequately treat a possible muscle tear in his left arm.  (*See* SAC (doc. # 32) at p. 4 of 6).  Defendant DeGroote argues that Mr. Kanzler fails to state a claim for relief against him for violation of the Eighth Amendment.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. Amend. VIII.  "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).  Certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  The Eighth Amendment prohibits prison officials from being deliberately indifferent to the serious medical needs of prisoners in their custody.  *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment.") (internal quotation marks and citation omitted).

An Eighth Amendment claim involves "a two-pronged inquiry, comprised of an objective component and a subjective component."  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).  "Under the objective inquiry, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension."  *Self*, 439 F.3d at 1230 (internal quotation marks and citation omitted).

Under the subjective inquiry, the defendant must have acted with a "sufficiently culpable state of mind."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'"  *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501

U.S. at 297). An inmate's complaint of inadequate medical care amounts to an Eighth Amendment claim if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. To meet the subjective component of an Eighth Amendment claim, a plaintiff must establish the defendant "knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt*, 199 F.3d at 1224 (quoting *Farmer*, 511 U.S. at 847). The level required to make out a claim for deliberate indifference is "more blameworthy than negligence," requiring "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835. For a prison official to be found liable of deliberate indifference under the Eighth Amendment, "the official must 'know[] of and disregard[] an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference.'" *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 809 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 837).

First, the court recognizes Mr. Kanzler's medical problem as serious for purposes of the objective component of an Eighth Amendment claim. *See, e.g., Mazariegos v. Warden Cooper*, 2001 WL 293121 * 3 (N.D. Ill. 2001) ("even if the problem had been a torn muscle or ligament, . . . it still would have been a serious need that required medical care . . . .").[3] Second, the court determines that Mr. Kanzler has not adequately pled that Defendant DeGroote acted with deliberate indifference. Mr. Kanzler has not

---

[3] A copy of this cited unpublished decision is attached to this Recommendation.

alleged what Defendant DeGroote did or failed to do.  Mr. Kanzler's allegations against Defendant DeGroote are too vague and conclusory to state a claim he was deliberately indifferent to his medical treatment.  Mr. Kanzler's single general conclusory allegation against Defendant DeGroote ("this cruel and unimaginable condition . . . will . . . implicate Dr. DeGroote as an affirmative link to the deprivation of my federal rights") is not sufficient to state an Eighth Amendment claim.

To the extent that Mr. Kanzler is alleging his disagreement with the lack of treatment, whether a course of treatment is appropriate "is a classic example of a matter for medical judgment," that is insufficient to sustain a claim under the Eighth Amendment.  *Estelle*, 429 U.S. at 107 (noting that medical decision to forego one form of treatment may be negligence but is not a constitutional violation).  *See also Perkins*, 165 F.3d at 811 (disagreement with medical personnel "does not give rise to a claim for deliberate indifference to serious medical needs");  *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) ("[a] difference of opinion does not support a claim of cruel and unusual punishment");  *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation).

To the extent that Mr. Kanzler is alleging that the treatment he received was improper (*see*  SAC at p. 4 of 6 ("I was not given the status of an emergency patient not the status of a high priority patient")), such allegation does not rise beyond mere negligence. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."  *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997) (internal

quotation marks and citation omitted). *See also Self*, 439 F.3d at 1234 ("a misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient . . . to satisfy the subjective component of a deliberate indifference claim."). For these reasons also, Mr. Kanzler's Eighth Amendment claim against Defendant DeGroote is properly dismissed.

4. Qualified Immunity

To the extent that Mr. Kanzler is suing Defendant DeGroote in his individual capacity under § 1983, Defendant DeGroote raises the defense of qualified immunity. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id*. Having concluded above that Mr. Kanzler has failed to state a claim that Defendant DeGroote's conduct violated the Eighth Amendment, Defendant DeGroote is entitled to qualified immunity from Mr. Kanzler's § 1983 claim.

III.     Defendant McLaughlin

Mr. Kanzler is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* March 6, 2009 "Order Granting Leave to Proceed Pursuant to 28 U.S.C. §1915" (doc. # 5)). Pursuant to the April 20, 2009 "Order Granting Service by United States Marshal" (doc. # 11), a Waiver of Service of Summons was filed with the court on April 21, 2009, indicating that Defendant McLaughlin no longer works for the Department of Corrections and providing a forwarding address. (*See* doc. # 12). On July 30, 2009, a return of service was filed with the court, directed for service on Defendant McLaughlin. The return of service was completed by a United States Marshal deputy, and indicating that three attempts were made to serve Defendant McLaughlin at the forwarding address. Based upon the information available to the court, it does not appear that Defendant McLaughlin can be served at the only address on record with the court. To date, Defendant McLaughlin has not filed with the Clerk of the Court a signed waiver of service or appeared in the case.

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Defendant McLaughlin has been named as a Defendant in this case since the filing of the initial Prisoner Complaint on February 24, 2009.

Approximately fourteen months have passed since the filing of this civil action and the record before the court indicates that Defendant McLaughlin has never been served with a summons and complaint in this action.

While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, there is no indication in this case that the U.S. Marshal or the court clerk have failed to perform their duties to serve Defendant McLaughlin. The U.S. Marshal has thrice attempted service at the address provided to the court. The court need not require the U.S. Marshal to search for or make any further attempts to serve Defendant McLaughlin. Sufficient time has been afforded and sufficient efforts have been made to serve Defendant McLaughlin such that Defendant McLaughlin may properly be dismissed for failure to effect service within the time limit of Fed. R. Civ. P. 4(m) and pursuant to D. C. COLO. LR 41.1 for failure to prosecute.

IV.   Failure to Comply with Court's Orders and Title 28 U.S.C. § 1915

By an Order entered on March 6, 2009, the court granted Mr. Kanzler leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* doc. # 6). Pursuant to § 1915(b)(2), Mr. Kanzler is required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his prison trust account until the filing fee is paid in full. (*See id.*). Mr. Kanzler was instructed either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make the monthly payment. (*See* doc. # 6). In order to show cause, Mr. Kanzler was directed to file a certified copy of his inmate trust account statement. (*See* doc. # 6).

Mr. Kanzler was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action. (*See* doc. # 6).

The court has advised Mr. Kanzler that he is required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month why he has no assets and no means by which to make the monthly payment. Since the commencement of this action on or about February 24, 2009, Mr. Kanzler made an initial partial payment of $34.00 on April 2, 2009 at the court's specific direction, and four payments of $22.00 on June 1, 2009, $22.00 on July 20, 2009, $22.00 on August 24, 2009, and $36.00 on October 16, 2009. (*See* docs. # 6, # 15, # 24, # 27, and # 37). Mr. Kanzler has not made monthly partial filing fee payments or submitted his inmate trust account statements in lieu of making monthly partial filing fee payments for the months of September, November, and December 2009 and January through April 2010. This civil action may also properly be dismissed for Mr. Kanzler's failure to comply with the court's orders and Title 28 U.S.C. § 1915.

Accordingly, IT IS RECOMMENDED that:

1. Defendant DeGroote's "Motion to Dismiss Second Amended Complaint" (filed September 22, 2009) (doc. # 33) be GRANTED and Defendant DeGroote be dismissed from this civil action for failure to state a claim upon which relief can be granted.

2. Defendant McLaughlin be dismissed from this civil action for failure to effect service within the time limit of Fed. R. Civ. P. 4(m) and pursuant to D.C. COLO.

LCivR 41.1 for failure to prosecute.

3. No Defendants remaining in the case, this civil action be DISMISSED in its entirety.

4. In the alternative, this civil action be dismissed for Mr. Kanzler's failure to comply with the court's orders and Title 28 U.S.C. § 1915.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application

of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 14th day of April, 2010.

BY THE COURT:

Craig B. Shaffer
United States Magistrate Judge